UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | |
|---|---|
| Ricky Todd<br><br>Plaintiff,<br><br>v.<br>City of Memphis, W. French, individually and in his official capacity as Police Officer of the City of Memphis Police Department, Samuel Voller, individually and in his official capacity as Police Officer of the City of Memphis Police Department,<br><br>Defendant. | Civil Action No. 2:23-cv-2693<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Comes now the Plaintiff, Ricky Todd, by and through his undersigned attorney, for his Complaint against The City of Memphis, W. French, individually and in his official capacity as Police Officer of the City of Memphis Police Department, Samuel Voller, individually and in his official capacity as Police Officer of the City of Memphis Police Department, allege the following cause of action:

**PRELIMINARY STATEMENT**

1. This is an action for damages, pursuant to 42 U.S.C. § 1983, to address the false arrest and malicious prosecution of Plaintiff Ricky Todd by two City of Memphis police officers, W. French and Samuel Voller beginning on August 29, 2020. Officers French and Voller, in concert and conspiracy, submitted false sworn testimony in support of an affidavit of complaint charging the defendant with DUI. Plaintiff suffered loss of liberty and endured prosecution until November 22, 2022, when the Shelby County District Attorney dismissed the charges due to the actions of Officers French and Voller. Plaintiff seeks damages, attorneys' fees, and costs.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under 42 U.S.C. 1983.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that the City of Memphis, W. French, and Samuel Voller reside in this district and all defendants reside in Tennessee.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. Ricky Todd is an individual who resides in Memphis, Tennessee. Ricky Todd is a citizen of Tennessee.

6. The City of Memphis is a municipality, incorporated under the laws of the State of Tennessee, and operates a law enforcement agency known as the Memphis Police Department. The City of Memphis is under a duty to operate its policing activities in a lawful manner so as to preserve the peace of the City of Memphis and the rights, privileges, and immunities guaranteed and secured by the constitutions and the laws of the United States and/or the State of Tennessee.

7. Upon information and belief, Samuel Voller is an individual who resides in Memphis, Tennessee. Upon information and belief, Samuel Voller is a citizen of Tennessee. Samuel Voller is a Police Officer with the City of Memphis Police Department who swore out a warrant for DUI against Plaintiff Ricky Todd on August 29, 2020.

8. Upon information and belief, W. French is an individual who resides in Memphis, Tennessee. Upon information and belief, W. French is a citizen of Tennessee. W. French is a Police Officer with the City of Memphis Police Department. Officer Samuel Voller listed "W. French (12908)" as an arresting officer on the affidavit of complaint sworn out by Officer Samuel Voller.

## FACTS

9. At all times relevant herein, Officer W. French (hereafter "French") and Officer Samuel Voller (hereafter "Voller" were acting under color of law.

10. On 8/29/20 at 4 PM, French and Voller, as officers on duty with the Memphis Police Department, responded to a call regarding an unresponsive individual in a vehicle on the side of the road near Honduras Drive and Jonneta Street in Memphis, TN.

11. French and Voller identified the individual as Ricky Todd, Plaintiff to this action and hereafter referred to as "Mr. Todd".

12. Memphis Fire Department #9 was on the scene and paramedics inspected Mr. Todd.

13. A paramedic inspected Mr. Jones and made verbal observations about his state in the presence of French, advising that Mr. Jones did not smell of alcohol.

14. The paramedic advised French that Mr. Jones had restricted pupils, but "other than that, he answered all my questions, did everything right".

15. French advised a paramedic that Mr. Todd did not appear drunk, and the paramedic confirmed.

16. A paramedic advised French the eye restriction discussed in paragraph 14 "could mean anything medically".

17. French advised Voller, "Let's drive him home since he's revoked" and a short time later "I don't smell any alcohol, let's take him home".

18. French and Voller restrained Mr. Jones with handcuffs and placed him in an MPD vehicle.

19. French advised Mr. Todd that "We're going to take you home, give you your keys, give you your phone".

20. French advised a paramedic that "I was going to do one because he is new, he needs to do one, but I don't know that we can do that".

21. French and Voller placed Mr. Todd in an MPD vehicle and transported him to the location nearby that Mr. Todd gave them.

22. Mr. Todd requested on numerous times that French and Voller remove his handcuffs, and they denied his requests.

23. Upon arrival at the location described in ____, French and Voller park and drag Mr. Todd out of the vehicle.

24. French or Voller advised Mr. Todd, "We're not taking off your handcuffs, til we get to the door".

25. After advising Mr. Todd "We're making sure you're at the right house", French and Voller dragged Mr. Todd to the front porch, still in handcuffs.

26. French or Voller removed Mr. Todd's handcuffs and French instructed Voller to give Mr. Todd his keys and phone.

27. At some time shortly after this, French told Voller "Turn your camera off".

28. French and Voller placed Mr. Todd back in handcuffs using significant force.

29. French and Voller transported Mr. Todd to Austin Peay Station where a blood draw was forced on Mr. Todd.

30. Officers transported Mr. Todd to 201 Poplar for booking into the Shelby County Jail.

31. Voller swore out an affidavit of complaint against Mr. Todd for the charge of driving under the influence, initiating prosecution of Mr. Todd for that charge in the Shelby County General Sessions courts.

32. Voller falsely wrote in the affidavit of complaint, referring to Mr. Todd, that "Officers observed a strong odor from his breath that appeared to be alcohol".

33. Voller falsely cited the opinion of the paramedic regarding Mr. Todd's eyes as probable cause for the offense of DUI, despite the paramedic advising his observations were insufficient for that conclusion.

34. As a result of the false affidavit sworn out by Voller, Mr. Todd spent over 12 days in the Shelby County Jail.

35. On September 10, 2020, Mr. Todd's appointed counsel from the Office of the Shelby County Public Defender successfully petitioned a judge of the Shelby County General Sessions Courts to release Mr. Todd on his own recognizance.

36. As a result of the false affidavit sworn out by Voller, Mr. Todd was required to attend numerous court appearances for over two years while criminal proceedings continued against him.

37. Mr. Todd's appointed counsel requested that the assistant district attorney assigned to Mr. Todd's case review the bodycam footage and observe the above noted inconsistencies between what occurred on August 29, 2020, and what Voller swore to in the affidavit.

38. On November 22, 2022, an assistant district attorney with the Shelby County District Attorney's office entered a nolle prosequi (voluntary dismissal) of the DUI charge due the above noted inconstancies between what occurred on August 29, 2020, and what Voller swore to in the affidavit.

## COUNT 1

39. Ricky Todd repeats and realleges paragraphs 9 through 38 hereof, as if fully set forth herein.

40. While acting under color of law and as Police Officers with the City of Memphis Police Department, defendants French and Voller, acting jointly and in concert and conspiracy, fabricated evidence based on coerced witness statements thereby violating plaintiff's rights to a fair

8

trial and due process of law under the Fourteenth Amendment to the U.S. Constitution.

41. While acting under color of law and as Police Officers with the City of Memphis Police Department, defendants French and Voller, acting jointly and in concert and conspiracy, caused the institution of false charges against plaintiff thereby subjecting plaintiff to a malicious prosecution in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

42. The deprivation of the constitutional rights under color law as alleged in this complaint is a violation of 42 U.S.C. § 1983.

## COUNT 2

43. Ricky Todd repeats and realleges paragraphs 9 through 38 hereof, as if fully set forth herein.

44. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, plaintiff's damages, and/or the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Memphis, which has encouraged, tolerated, ratified and has been

deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

A. Legal cause to stop, detain, and/or arrest a citizen.

B. Enforcement of, and adherence to, bodycam policy.

45. The deprivation of these constitutional rights under color law as alleged in this complaint is a violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff Ricky Todd requests judgment as follows:

A.   Compensatory damages as to all defendants.

B.   Punitive damages as to defendants French and Voller.

C.   Reasonable attorneys' fees and costs.

D.   Granting such other and further relief as may appear just and proper.

Dated: November 1st, 2023

Memphis, Tennessee

Respectfully submitted,

By: /s Ryan Wiley

Ryan Wiley

Attorney for Plaintiff Ricky Todd

Bar Number: TN 27624

The Wiley Law Firm

(901) 305-3423

1355 Lynnfield Suite 245

Memphis, TN 38119

ryan@thewileylawfirm.com

11